FILED
Sep 04, 2025
12:21 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Lanell McMillian | Docket No.      2021-02-0554 |
| v. | State File No.   81115-2021 |
| ULG Companies, LLC, et al. | |
| Appeal from the Court of Workers' Compensation Claims Brian K. Addington, Judge | |

---

**Affirmed and Certified as Final**

---

In this compensation appeal, the employee questions the trial court's order granting the employer's motion for summary judgment and dismissing the employee's petition for additional medical benefits. The employee suffered a compensable left ankle sprain and received medical treatment before he was placed at maximum medical improvement by the authorized treating physician and released with no permanent medical impairment. The employer filed a motion for summary judgment, which the court granted in part with respect to the issue of permanent disability benefits. The employee's right to future medical benefits related to his left ankle sprain remained open for any reasonable and necessary medical treatment arising primarily from the work accident. Thereafter, the employee filed a motion for additional workers' compensation benefits, including medical treatment, and the employer filed a second motion for summary judgment. The court granted the motion, noting that any request for payment for unauthorized treatment that occurred before entry of its prior order was barred by the doctrine of res judicata and that the employee was not entitled to the other relief he sought. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and certify it as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Lanell McMillian, Clarkstown, North Carolina, employee-appellant, pro se

A. Allen Grant and Benjamin T. Norris, Nashville, Tennessee, for the employer-appellee, ULG Companies, LLC

**Factual and Procedural Background**

Lanell McMillian ("Employee") injured his left ankle and leg on September 18, 2021, when he fell while working for ULG Companies, LLC ("Employer"). Employer accepted the compensability of Employee's claim and authorized medical treatment with orthopedist Dr. Paul Kerner. Dr. Kerner ordered an EMG of Employee's left leg to evaluate it for nerve damage, the results of which were negative. Likewise, an MRI of the left leg showed "no significant abnormalities." Dr. Kerner diagnosed Employee with a left ankle sprain and later ordered an FCE, the results of which were considered invalid due to the therapist's perception of Employee's inconsistent effort during the evaluation. On July 19, 2022, Dr. Kerner opined that Employee had reached maximum medical improvement and did not retain any permanent medical impairment. He assigned no permanent work restrictions.

In May 2023, Employee filed a petition for benefit determination, alleging he was entitled to additional medical and disability benefits. In February 2024, Employer filed a motion for summary judgment accompanied by a statement of undisputed facts, memorandum of law, and supporting documentation, including a Standard Form Medical Report for Industrial Injuries ("Form C-32") and a Final Medical report ("Form C-30A"), both signed by Dr. Kerner. For his part, Employee filed a Form C-32 signed by a physician's assistant. Employee also filed responses to Employer's statement of undisputed facts; however, these were filed one day after the deadline. Employee filed additional documentation and resubmitted his Form C-32 with an additional signature, although the new signature was not identified as that of a physician.[1] At the hearing on its motion, Employer argued it had demonstrated that Employee did not sustain a permanent injury and that, according to Dr. Kerner, he no longer needed medical treatment for his injury. Employer asserted that because Dr. Kerner was the only qualified expert to offer evidence, it was entitled to summary judgment as a matter of law.

The court excluded the Form C-32 filed by Employee because there was no indication it was signed by a physician, and it excluded additional documentation filed by Employee because it was not timely filed. The court concluded the undisputed facts established that Employee had no permanent impairment arising from the work accident and that Employer had negated an essential element of Employee's claim. It partially granted Employer's motion for summary judgment with respect to permanent disability benefits, but, with regard to future medical treatment, the court noted that Employee had sustained a compensable injury and was still entitled to reasonable and necessary medical treatment causally related to the work injury pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A). Thereafter, Employer filed a motion to amend the compensation order,

---

[1] Pursuant to Tennessee Code Annotated section 50-6-235, a written medical report submitted as evidence in lieu of sworn testimony "must be signed by the physician making the report bearing an original or electronic signature." Tenn. Code Ann. § 50-6-235(c)(1).

and the trial court entered a subsequent order on April 30, 2024, clarifying that Employer was to furnish reasonable and necessary medical benefits for Employee's "work related left-ankle sprain under Tennessee Code Annotated section 50-6-204." Neither of these orders was appealed.

In October 2024, Employee filed a motion seeking additional benefits, including reimbursement for doctors' bills, medication, and "to settle for treatment on my own and [compensation] for all." The matter was remanded to mediation, and a dispute certification notice was issued after the parties failed to reach an agreement. The trial court entered a scheduling order requiring that any dispositive motions be filed on or before March 31, 2025.

Dr. Kerner completed another Form C-32 on March 13, 2025, in which he noted that Employee retained no permanent medical impairment and does not require further treatment for his work-related left ankle sprain. Additionally, Dr. Kerner opined that "any additional treatment needed by Employee at this time is LESS THAN 50% related to his [September 18, 2021] work accident." Dr. Kerner reiterated that Employee "does NOT need any treatment" as a result of the work-related accident.

On March 31, 2025, Employer filed a second motion for summary judgment accompanied by a statement of undisputed material facts with citations to the record pursuant to Rule 56.03 of the Tennessee Rules of Civil Procedure. Employer's statement included the following:

1.    [Employee] injured his left-lower extremity on September 18, 2021, while working for [Employer].

2.    [Employee] received authorized treatment for his left-lower extremity injuries from Dr. Paul Kerner.

3.    Dr. Kerner diagnosed [Employee] with a left-ankle sprain.

4.    Dr. Kerner placed [Employee] at maximum medical improvement without any permanent physical impairment on July 19, 2022.

5.    Dr. Kerner concluded that any additional treatment is less than 50% related to the September 2021 work injury.

On April 28, Employee filed a motion requesting "relief for me and my family [for] years of asking for help from the hardship of los[s] of wages and time off [due to] the pain and suffering from an unhealed injury." He also filed a response disputing some of the above-stated facts but failed to cite to the record or supply affidavits or other sworn statements from any medical providers. Employee filed bills related to unauthorized

3

medical treatment, medical records, and a Form C-32 signed by an "Edwin Newman" with no indication of who Mr. Newman is. There was no curriculum vitae for Mr. Newman included in Employee's filings.

In an order issued on May 12, 2025, the court noted that Employee submitted bills for unauthorized medical treatment that were incurred before its 2024 order granting summary judgment and that, as a result, recovery of these alleged medical expenses was barred by the doctrine of res judicata. The court noted that it considered Employer's "2024 award of summary judgment as a full and final disposition of benefits sought by [Employee] except for his right to future medical treatment of his left-ankle sprain." Regarding Employee's request for additional medical treatment, the court noted that Employer had submitted proof from Dr. Kerner, the authorized physician, stating that Employee's current need for medical treatment was not primarily related to his work injury, negating an essential element of his claim and shifting the burden of production to Employee to show a genuine issue for trial. The court concluded that Employee failed to do so and granted Employer's motion for summary judgment. The court also observed that it does not have the authority to compel parties to settle the issue of future medical benefits pursuant to Tennessee Annotated Code section 50-6-240(d), rendering Employee's remaining motions moot. Employee has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* Moreover, a trial court has broad discretion to control the pace of litigation and set hearings to address pre-trial motions. *Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117 & -0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016) ("a trial court has the necessary discretion to control the pace of litigation through the use of case supervision and docket management"); *see also Smith v. Smith*, No. E2017-01295-COA-R3-CV, 2019 Tenn. App. LEXIS 59, at *20 (Tenn. Ct. App. Jan. 31, 2019) ("trial courts have broad discretion to control their dockets"). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

In his notice of appeal, Employee contends Employer "did not comply with [what he] ask[ed] repeatedly for." He states that he is "seeking compensation for bill[s] . . . and lost wages and future medical." He then references Tennessee Code Annotated section 50-

6-118, which concerns penalties, although he does not describe its relevance to his appeal. In his brief on appeal, Employee reiterates his arguments that Employer failed to comply with the trial court's ruling, that he sought reimbursement for medical bills he paid, and that he continues to have trouble with his leg.[2]

For its part, Employer asserts Employee failed to meet the procedural requirements for seeking additional benefits because he did not file a new petition for benefit determination after the trial court's first order granting summary judgment to Employer and that, as a result, his request for post-judgment benefits was never properly before the trial court.[3] Employer also asserts that the trial court correctly determined Employee's request for post-judgment reimbursement of his medical expenses was barred by res judicata and that he failed to come forward with any proof contradicting Dr. Kerner's opinions in order to establish a genuine issue of material fact for trial. Finally, Employer requests that we deem Employee's appeal to be frivolous.

The grant or denial of a motion for summary judgment is a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* The Tennessee Supreme Court has established a two-pronged approach to the evaluation of a motion for summary judgment. *Rye*, 477 S.W.3d at 264. First, the moving party can succeed by "affirmatively negating an essential element of the nonmoving party's claim." *Id.* Second, the moving party can

---

[2] Employee's brief on appeal consists of 51 pages of documents, including medical records, bills, and various correspondence, some of which were not submitted to the trial court. Any documents not submitted to and considered by the trial court will not be considered on appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2023); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

[3] Tennessee Code Annotated section 50-6-204(g)(2)(A) states that, in circumstances where a trial court has entered judgment "following a workers' compensation trial or as a result of a workers' compensation settlement agreement," if a subsequent dispute arises regarding the provision of additional medical benefits, either party "shall" file a new petition for benefit determination seeking mediation of any such dispute. Tenn. Code Ann. § 50-6-204(g)(2)(A). However, Tenn. Comp. R. and Regs. 0800-02-24-.02(1) states: "Whenever a judge has issued an interlocutory or final order in a workers' compensation claim and a party has failed to comply with that order, the party seeking enforcement of the order may file a motion to compel with the court requesting that the court enforce the order." In the present case, the original dispute was resolved by summary judgment. Thus, there was neither a "workers' compensation trial" nor a "workers' compensation settlement agreement." Moreover, when Employee's subsequent motion to compel additional medical treatment was filed, the court referred the parties to mediation before eventually resolving the dispute, as contemplated in subsection 204(g)(2)(A). Thus, we conclude, in the particular circumstances of the present case, we need not address whether Tennessee Code Annotated section 50-6-204(g)(2)(A) is in conflict with Tenn. Comp. R. and Regs. 0800-02-24-.02(1).

succeed by "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim." *Id.* (emphasis in original). With respect to the second prong, the Supreme Court further explained:

> [A] moving party seeking summary judgment by attacking the nonmoving party's evidence *must do more than make a conclusory assertion that summary judgment is appropriate on this basis*. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial."

*Id.* (emphasis added). If the moving party properly supports its motion as required by Rule 56.03, the burden of production then shifts to the nonmoving party to show, by any means provided in Rule 56, "that there is a genuine issue for trial." *Id.* at 265.

Here, the court noted that it had heard and addressed Employee's request for payment of unauthorized medical treatment in its March 2024 order granting summary judgment on the issue of permanency. Thus, the court concluded Employee's renewed request was barred by the doctrine of res judicata, citing *Harrogate Corp. v. Systems Sales Corp.*, 915 S.W.2d 812, 816 (Tenn. Ct. App. 1995) (summary judgment "resolves the issue[s] treated on their merits and is a final judgment for the purposes of res judicata"). The trial court determined that: (1) the issue of payment of medical bills incurred by Employee for unauthorized medical treatment that occurred prior to the date the original judgment was entered was fully and finally addressed in its prior order; and (2) Employee's new request for the same relief is barred by res judicata. We agree.

With respect to Employee's request for additional medical treatment, the court noted that Employer had submitted a Form C-32 pursuant to Tennessee Code Annotated section 50-6-235(c), signed by the authorized physician, stating that Employee's current need for medical treatment was not primarily related to his work injury. As a result, Employee was required to come forward with evidence creating a genuine issue of material fact that would merit a trial, which he failed to do. Consequently, the court concluded Employer was entitled to a judgment as a matter of law. We discern no error by the trial court, and we agree Employer's evidence negated an essential element of Employee's current claim.

Finally, Employer asks that we deem Employee's appeal to be frivolous. It is well-settled that "[a] frivolous appeal is one that . . . had no reasonable chance of succeeding," *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015), or one that is devoid of merit or brought solely for delay, *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have

6

no realistic chance of success." *Id.* at \*10-11 (internal citations omitted); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at \*18 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) (concluding that "[the employer's] appeal had no reasonable chance of success" and was "therefore . . . frivolous"). In considering the totality of the circumstances, we do not find this appeal to be frivolous.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court and certify it as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

Lanell McMillian

v.

ULG Companies, LLC, et al.

Docket No.  2021-02-0554

State File No.  81115-2021

Appeal from the Court of Workers'
Compensation Claims
Brian K. Addington, Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of September, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Lanell McMillian | | | | X | lanellmcm27@gmail.com |
| A. Allen Grant<br>Benjamin T. Norris | | | | X | agrant@eraclides.com<br>bnorris@eraclides.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov